United States District Court
Northern District of California

UNITED STATES OF AMERICA,

Plaintiff,

v.

RANDY DUANE BLACK,

Defendant.

Case No.: CR 04-cr-40110 SBA (KAW)

ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING

## I.   Background

On March 6, 2013, the Court held a hearing on the Government's motion to detain Defendant Randy Duane Black pending his supervised release violation hearing. Defendant was present and in custody, and represented himself. Assistant United States Attorney Aaron Wegner appeared on behalf of the Government. Probation Officer Alexandre Bonneville was also present. For the reasons explained below, the Court orders that Defendant be detained pending his supervised release violation hearing.

Defendant was originally sentenced to 18 months in custody and 4 years of supervised release for armed bank robbery on February 28, 2006. On January 15, 2013, a Petition for Arrest Warrant was filed with the Court alleging that Defendant violated the conditions of his supervised release by committing domestic battery against his girlfriend, and absconding from supervision.

The Amended Form 12 alleges that Defendant violated the terms of his release on November 29, 2012, when he slapped his girlfriend. Defendant's girlfriend told police officers that he slapped her in the face with his open hand. Defendant allegedly later admitted to the probation officer that he had slapped her. The Amended Form 12 further alleges that Defendant violated the terms of his release by failing to notify his probation officer prior to any change in address. Finally, the Amended Form 12 alleges that on February 18, 2013, Defendant violated the

terms of his release by committing the crimes of Robbery in violation of California Penal Code § 211, and Threaten Crime With Intent to Terrorize, in violation of California Penal Code § 422.  It is alleged that after Defendant was seen putting merchandise from a 7-11 store in his pocket, he was confronted by the store manager, who asked him if he was going to pay for the items.  Defendant yelled at the store manager, pushed him, and hit him in the face with a packaged burrito.  A store employee tried to detain Defendant by holding him.  They struggled and fell to the ground, and the store employee struck a metal counter and injured his forehead and eye.  During the struggle Defendant allegedly made death threats to the store manager and employee.

## II.   Analysis

Because Defendant is charged with a supervised release violation, it is his burden to establish by clear and convincing evidence that he is not a flight risk or a danger to the community.  Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143.  The Court informed Defendant that it did not see why he should not be detained as a flight risk or a danger to the community, and Defendant had no response.

It appears that Defendant has not complied with the conditions of his release.  His failure to cooperate with his probation officer, and notify the officer of his change of address, shows that he may be a flight risk.  Since being released on supervision, Defendant allegedly committed battery on his girlfriend, and was violent and threatening towards the 7-11 store employees during the alleged robbery.  This behavior shows that he poses a danger to the community.  The Court also noted that it is anticipated that a Second Amended Form 12 will be filed, alleging that Defendant committed yet another crime while in custody when he attacked and injured a Deputy Sheriff.  Moreover, Defendant has appeared in court proceedings in shackles following his violent attack on the officer, because the Marshals cannot trust him not to be violent towards officers again.  If Defendant is dangerous while in Court, it is hard to imagine how he would not be a danger to the community if he was released.

Because the Court does not believe that there are conditions that can be imposed to mitigate these risks, and Defendant did not argue otherwise, the Court finds that Defendant has

DETENTION ORDER
CR 04-cr-40110 SBA (KAW)                                    2

not met his burden of establishing by clear and convincing evidence that he is not a flight risk or a danger to the community.

### III.     Conclusion

Defendant shall be detained pending his supervised release violation hearing.  For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: March 6, 2013

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR 04-cr-40110 SBA (KAW)                        3