United States District Court
Northern District of California

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

RANDY DUANE BLACK,

        Defendant.

Case No.: 4:04-cr-40110 SBA-1 (KAW)

FINDINGS REGARDING DEFENDANT'S REQUEST TO REPRESENT HIMSELF AND ORDER

On March 6, 2013, the Court held a *Faretta* hearing in this case. Defendant Randy Duane Black was present and responded to the Court's questions. Attorney Paul Wolf was present to assist Defendant and to answer his questions.

The Court asked Defendant questions about his mental and emotional health. He stated that he had never been diagnosed with any mental or emotional problems, and had never received treatment of any kind for such problems. Based on his responses to the questions, there is no basis for concluding that he is mentally or emotionally impaired such that he is unable to represent himself. Defendant stated that he was not under the influence of any medication, drugs or alcohol, and that no one had made any threat or promise to get him to waive his right to counsel. Based on these facts, the Court finds that Defendant is competent to make a decision regarding whether to waive his right to counsel.

The Court advised Defendant that it was very unwise for him to represent himself. Defendant was advised of the nature of the charges against him, as well as the maximum penalties he would face if he were convicted. Mr. Wolf explained to Defendant that he might face charges in state court for three new crimes, and that his representation of himself in this case could compromise his defense in those cases.

The Court explained to Defendant that he faced significant obstacles and disadvantages in trying to represent himself.  He would be expected to follow the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules of the Court, which are technical, complex and difficult to apply.  The Court told Defendant that the rules would not be relaxed for his benefit, and that if he did not conduct his defense according to the rules, his defense might be severely hampered.  Defendant might make serious errors in presenting his evidence or fail to object to evidence put on by the prosecutor, simply because of his lack of legal training and experience.  The Court further explained that it would not guide him through the proceedings, and would not give him any assistance if he made mistakes.  The Court informed Defendant that he had a right to remain silent, which could be seriously compromised if he was to serve as his own lawyer.  Finally, the Court told Defendant that he might lack the objectivity necessary to present an effective defense.

Next, the Court explained to Defendant that, even though he had no right to have stand-by or advisory counsel appointed, the District Judge in this case could appoint an attorney to protect the Court's interest in fair and orderly proceedings, even over Defendant's objection.

Throughout the hearing, the Court asked Defendant if he understood what was being said about the consequences of self-representation, and he repeatedly responded that he understood.  After having fully explained the consequences of and expectations regarding self-representation, and making sure that Defendant understood everything that had been explained, the Court asked Defendant whether he wished to freely and voluntarily waive his right to be represented by a lawyer.  He responded in the affirmative.

The Court finds that Defendant's waiver is knowing, intelligent and voluntary; unequivocal; timely; and not made for the purpose of delay.

If Defendant still wishes to represent himself, he shall file a motion to proceed pro se before the District Judge.  Therefore, it is hereby ORDERED that the Court's March 6, 2013 Order Granting Defendant's Request to Represent Himself is hereby VACATED.

It is further ORDERED that attorney Paul Wolf is appointed to represent Defendant unless and until the District Judge grants Defendant's motion to proceed pro se.

DATED: March 7, 2013

KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE